■ MERCANTILE NATIONAL BANK OF CHICAGO, Respondent, v. LIONEL CORPORATION, Appellant.— Order entered on May 12, 1965 granting the plaintiff summary judgment pursuant to CPLR 3213, unanimously reversed, on the law, the motion for summary judgment is denied and the judgment entered in favor of the plaintiff upon the order of May 12, 1965 is vacated, with $50 costs to the appellant. Pursuant to CPLR 3213, application for summary judgment may be made without the necessity for the service of a complaint if the "action is based upon a judgment or instrument for the payment of money only". This action is not based upon a judgment and we conclude that it is not based upon an instrument for the payment of money only. Consequently, the relief that the plaintiff seeks under that section may not be granted. While the plaintiff purports to sue upon some instrument, it fails to identify specifically which instrument is relied upon. If it is the resolution adopted by the Board of Directors of November 14, 1963, upon which the court at Special Term apparently relied in granting summary judgment, we find that such resolution is not an "instrument for the payment of money only" within the statutory contemplation. Besides, that resolution is incomplete and envisioned the execution of some further agreement "with such other and further terms and conditions", as may be "necessary or appropriate." Nor is the document dated October 16, 1962 sufficient inasmuch as, among other things, it is unsigned. Except for the assignment to the plaintiff which also is clearly not the type of an instrument contemplated by CPLR 3213 there is no other document in this case which would bring it within the section. Consequently, the summary method afforded by CPLR 3213 may not be availed of by the plaintiff. In any event, summary judgment may not be granted in the light of the affidavit submitted in opposition to this application. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.